FILED

2014 OCT -7  PM 1:49

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2014 Grand Jury **CR 14 00591**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 14-**CR 14 00591** |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(E), and (b)(2): Distribution and Possession with Intent to Distribute Oxycodone, Hydrocodone, Alprazolam, and Carisoprodol; 18 U.S.C. § 1956(a)(1)(B)(i): Money Laundering; 21 U.S.C. § 843(a)(4)(A): False and Fraudulent Information in an Application to Renew a DEA Registration Number; 18 U.S.C. § 1001(a)(2): False Statement to a Federal Officer or Agency; 21 U.S.C. § 843(a)(3): Acquiring a Controlled Substance by Misrepresentation, Fraud, Forgery, Deception, or Subterfuge; 18 U.S.C. § 2(a): Aiding and Abetting; 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1): Criminal Forfeiture] |
| DANIEL CHAM, and TRACY TOWNSEND, aka "Milton Turner," aka "Michael Russo," aka "Jim Pruitt," aka "Thomas Sullivan," aka "Henry Richards," aka "Jason Harper," aka "Jeffrey Pratt," aka "Stephen Fisher," aka "David Stanton," aka "Davy Thomas," aka "Ryan Tupper," aka "Dell Shields," aka "Brandon Clark," aka "Leonard Jones," aka "Mark Parker," aka "Stanley David," aka "Jacob Zalman," aka "Shawn Miller," aka "Gilbert Ives," aka "James Johnson," aka "Kenny Pierce," aka "Jonathan Beals," aka "Brian Carter," aka "Erik Sommers," | |
| Defendants. | |

1    The Grand Jury charges:

2                    COUNTS ONE and TWO

3              [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

4        On or about the following dates, in Los Angeles County,

5    within the Central District of California, and elsewhere,

6    defendant DANIEL CHAM, then a physician licensed to practice

7    medicine in the State of California, while acting and intending

8    to act outside the usual course of professional practice and

9    without a legitimate medical purpose, knowingly and

10   intentionally prescribed and distributed oxycodone, a Schedule

11   II narcotic drug controlled substance:

12       **COUNT**          **DATE**

13       ONE               March 9, 2014

14       TWO               April 13, 2014

2

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(E)]

On or about February 16, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendant DANIEL CHAM, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally prescribed and distributed hydrocodone, a Schedule III narcotic drug controlled substance.

COUNTS FOUR through SIX

[21 U.S.C. §§ 841(a)(1), (b)(2)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant DANIEL CHAM, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally prescribed and distributed alprazolam, a Schedule IV controlled substance:

| COUNT | DATE |
|-------|------|
| FOUR | February 16, 2014 |
| FIVE | March 9, 2014 |
| SIX | April 13, 2014 |

COUNTS SEVEN through NINE

[21 U.S.C. §§ 841(a)(1), (b)(2)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant DANIEL CHAM, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally prescribed and distributed carisoprodol, a Schedule IV controlled substance:

| COUNT | DATE |
|-------|------|
| SEVEN | February 16, 2014 |
| EIGHT | March 9, 2014 |
| NINE | April 13, 2014 |

COUNTS TEN and ELEVEN

[18 U.S.C. § 1956(a)(1)(B)(i)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant DANIEL CHAM, knowing that the property involved in each of the financial transactions described below represented the proceeds of some form of unlawful activity, conducted, and willfully caused others to conduct, the following financial transactions affecting interstate commerce, which transactions, in fact, involved the proceeds of specified unlawful activity, namely, distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), knowing that each of the transactions was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| TEN | March 10, 2014 | Deposit of money orders bearing serial numbers 21764567070, 21764567081, and 21764567092, into a Bank of America account ending in numbers 0392. |
| ELEVEN | April 14, 2014 | Deposit of money orders bearing serial numbers 21903058023, 21903058012, and 21903058034, into a Bank of America account ending in numbers 0392. |

COUNT TWELVE

[21 U.S.C. § 843(a)(4)(A)]

On or about July 25, 2012, in Los Angeles County, within the Central District of California, defendant DANIEL CHAM ("CHAM") knowingly and intentionally furnished false and fraudulent material information in an application required to be filed under Title 21, United States Code, Section 823, and Title 21, Code of Federal Regulations, Section 1301, in that defendant CHAM submitted to the United States Drug Enforcement Administration ("DEA") an application to renew DEA controlled substance registration number FC0110231 stating that defendant CHAM had never had a state professional license placed on probation when, in truth and in fact, as defendant CHAM then well knew, on or about June 6, 2012, the Medical Board of California placed defendant CHAM's medical license on probation for a period of five years.

1

COUNT THIRTEEN

2

[21 U.S.C. § 843(a)(4)(A)]

3        On or about July 25, 2012, in Los Angeles County, within

4   the Central District of California, defendant DANIEL CHAM

5   ("CHAM") knowingly and intentionally furnished false and

6   fraudulent material information in an application required to be

7   filed under Title 21, United States Code, Section 823, and Title

8   21, Code of Federal Regulations, Section 1301, in that defendant

9   CHAM submitted to the United States Drug Enforcement

10  Administration ("DEA") an application to renew DEA controlled

11  substance registration number BC8744220 stating that defendant

12  CHAM had never had a state professional license placed on

13  probation when, in truth and in fact, as defendant CHAM then

14  well knew, on or about June 6, 2012, the Medical Board of

15  California placed defendant CHAM's medical license on probation

16  for a period of five years.

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FOURTEEN

[18 U.S.C. § 1001(a)(2)]

On or about May 13, 2014, in Los Angeles County, within the Central District of California, in a matter within the jurisdiction of the executive branch of the government of the United States, specifically, the United States Drug Enforcement Administration, defendant DANIEL CHAM ("CHAM") knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, in that defendant CHAM stated that he worked at his medical office located in La Puente, California, on May 12, 2014, when in truth and in fact, as defendant CHAM then well knew, defendant CHAM did not work at his medical office in La Puente, California, on May 12, 2014.

COUNTS FIFTEEN through TWENTY

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendants DANIEL CHAM, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, and TRACY TOWNSEND, also known as ("aka") "Milton Turner," aka "Michael Russo," aka "Jim Pruitt," aka "Thomas Sullivan," aka "Henry Richards," aka "Jason Harper," aka "Jeffrey Pratt," aka "Stephen Fisher," aka "David Stanton," aka "Davy Thomas," aka "Ryan Tupper," aka "Dell Shields," aka "Brandon Clark," aka "Leonard Jones," aka "Mark Parker," aka "Stanley David," aka "Jacob Zalman," aka "Shawn Miller," aka "Gilbert Ives," aka "James Johnson," aka "Kenny Pierce," aka "Jonathan Beals," aka "Brian Carter," aka "Erik Sommers," each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute oxycodone, a Schedule II narcotic drug controlled substance:

| COUNT | DATE | ALIAS USED |
|---|---|---|
| FIFTEEN | October 1, 2012 | Henry Richards |
| SIXTEEN | September 11, 2013 | Milton Turner |
| SEVENTEEN | October 7, 2013 | Michael Russo |
| EIGTHEEN | November 18, 2013 | Michael Russo |
| NINETEEN | June 11, 2014 | Jason Harper |
| TWENTY | July 7, 2014 | Michael Russo |

COUNTS TWENTY-ONE through TWENTY-SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(E); 18 U.S.C. § 2(a)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendants DANIEL CHAM, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, and TRACY TOWNSEND, also known as ("aka") "Milton Turner," aka "Michael Russo," aka "Jim Pruitt," aka "Thomas Sullivan," aka "Henry Richards," aka "Jason Harper," aka "Jeffrey Pratt," aka "Stephen Fisher," aka "David Stanton," aka "Davy Thomas," aka "Ryan Tupper," aka "Dell Shields," aka "Brandon Clark," aka "Leonard Jones," aka "Mark Parker," aka "Stanley David," aka "Jacob Zalman," aka "Shawn Miller," aka "Gilbert Ives," aka "James Johnson," aka "Kenny Pierce," aka "Jonathan Beals," aka "Brian Carter," aka "Erik Sommers," each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute hydrocodone, a Schedule III narcotic drug controlled substance:

| COUNT | DATE | ALIAS USED |
|---|---|---|
| TWENTY-ONE | August 20, 2013 | Jim Pruitt |
| TWENTY-TWO | September 24, 2013 | Jim Pruitt |
| TWENTY-THREE | December 12, 2013 | Jim Pruitt |
| TWENTY-FOUR | May 19, 2014 | Thomas Sullivan |
| TWENTY-FIVE | May 31, 2014 | Henry Richards |
| TWENTY-SIX | May 31, 2014 | Henry Richards |
| TWENTY-SEVEN | June 9, 2014 | Thomas Sullivan |

                    COUNTS TWENTY-EIGHT through THIRTY-ONE

            [21 U.S.C. §§ 843(a)(3); 18 U.S.C. § 2(a)]

     On or about the following dates, in Los Angeles County,
within the Central District of California, and elsewhere,
defendants DANIEL CHAM ("CHAM") and TRACY TOWNSEND ("TOWNSEND"),
also known as ("aka") "Milton Turner," aka "Michael Russo," aka
"Jim Pruitt," aka "Thomas Sullivan," aka "Henry Richards," aka
"Jason Harper," aka "Jeffrey Pratt," aka "Stephen Fisher," aka
"David Stanton," aka "Davy Thomas," aka "Ryan Tupper," aka "Dell
Shields," aka "Brandon Clark," aka "Leonard Jones," aka "Mark
Parker," aka "Stanley David," aka "Jacob Zalman," aka "Shawn
Miller," aka "Gilbert Ives," aka "James Johnson," aka "Kenny
Pierce," aka "Jonathan Beals," aka "Brian Carter," aka "Erik
Sommers," each aiding and abetting the other, knowingly and
intentionally obtained oxycodone, a Schedule II narcotic drug
controlled substance, and hydrocodone, a Schedule III narcotic
drug controlled substance, by misrepresentation, fraud,
deception, and subterfuge, to wit, on each of the following
dates, defendant TOWNSEND used a false alias to fill a
prescription issued by defendant CHAM for controlled substances
as follows:

| COUNT | DATE | DRUG | ALIAS USED |
|---|---|---|---|
| TWENTY-EIGHT | October 1, 2012 | Hydrocodone | Henry Richards |
| TWENTY-NINE | October 7, 2013 | Oxycodone | Michael Russo |
| THIRTY | May 19, 2014 | Hydrocodone | Thomas Sullivan |
| THIRTY-ONE | June 11, 2014 | Oxycodone | Jason Harper |

## FORFEITURE ALLEGATION ONE

### [21 U.S.C. § 853]

1.    The allegations contained in Counts One through Nine, Counts 12 and 13, and Counts Fifteen through Thirty-One of this Indictment are hereby repeated, re-alleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.   Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, in the event of any defendant's conviction under any of Counts One through Nine or any of Counts Fifteen through Thirty-One of this Indictment.

2.    Each defendant convicted of any of Counts One through Nine or any of Counts Fifteen through Thirty-One of this Indictment shall forfeit to the United States the following:

a.    All right, title, and interest in any and all property, real or personal - - (i) constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any such offense; and (ii) used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

b.    A sum of money equal to the total value of the property described in paragraph 2.a.   For each of Counts One through Nine and for each of Counts Fifteen through Thirty-One of this Indictment for which more than one defendant is found guilty, each such defendant shall be jointly and severally

13

1  liable for the entire amount ordered forfeited pursuant to that

2  Count.

3      3.    Pursuant to Title 21, United States Code, Section

4  853(p), each defendant convicted of any of Counts One through

5  Nine or any of Counts Fifteen through Thirty-One of this

6  Indictment shall forfeit substitute property, up to the total

7  value of the property described in the preceding paragraph if,

8  as the result of any act or omission of a defendant, the

9  property described in the preceding paragraph, or any portion

10 thereof (a) cannot be located upon the exercise of due

11 diligence; (b) has been transferred, sold to or deposited with a

12 third party; (c) has been placed beyond the jurisdiction of the

13 court; (d) has been substantially diminished in value; or (e)

14 has been commingled with other property that cannot be divided

15 without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982(a)(1)]

1.    The allegations contained in Counts Ten and Eleven of this Indictment are hereby repeated, re-alleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1), in the event of defendant DANIEL CHAM's ("CHAM's") conviction under Count Ten or Eleven of this Indictment.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given to defendant CHAM that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(1), in the event of defendant CHAM's conviction under either or both of Counts Ten and/or Eleven of this Indictment.

2.    If convicted of either or both of Counts Ten and/or Eleven of this Indictment, defendant CHAM shall forfeit to the United States the following:

a.    All right, title, and interest in any and all property, real or personal, involved in or traceable to the commission of any such offense or any transaction set forth in such Count; and

b.    A sum of money equal to the total value of the property described in paragraph 2.a.

3.    Pursuant to Title 21, United States Code, Section 853(p), if convicted of either or both of Counts Ten and/or Eleven of this Indictment, defendant CHAM shall forfeit substitute property, up to the total value of the property

15

1  described in the preceding paragraph if, as the result of any

2  act or omission of defendant CHAM, the property described in the

3  preceding paragraph, or any portion thereof (a) cannot be

4  located upon the exercise of due diligence; (b) has been

5  transferred, sold to, or deposited with a third party; (c) has

6  been placed beyond the jurisdiction of the court; (d) has been

7  substantially diminished in value; or (e) has been commingled

8  with other property that cannot be divided without difficulty.

9

10                                        A TRUE BILL

11

12                                       /S/

13                                      _____
                                        Foreperson

14  STEPHANIE YONEKURA
    Acting United States Attorney
15

16

17  ROBERT E. DUGDALE
    Assistant United States Attorney
18  Chief, Criminal Division

19  KEVIN M. LALLY
    Assistant United States Attorney
20  Chief, Organized Crime Drug Enforcement Task
       Force Section
21

22  ROB B. VILLEZA
    Assistant United States Attorney
    Deputy Chief, Organized Crime Drug
23     Enforcement Task Force Section

24  BENJAMIN R. BARRON
    Assistant United States Attorney
25  Organized Crime Drug Enforcement Task Force
       Section
26

27

28